UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SACHEM SHIPPING LTD.,

                             Plaintiff,                  08 Civ. 8698 (LTS)

- against -

                                                  **DECLARATION OF**
INDUSTRIAL CARRIERS INC.,              **MARY T. REILLY**

                             Defendant.
------------------------------------------------------------x

STATE OF NEW YORK    )
                                  : ss.:
COUNTY OF NEW YORK  )

      MARY T. REILLY declares as follows:

      1.      I am a member of the firm of Hill, Betts & Nash LLP, attorneys for plaintiff Sachem Shipping Ltd. in this action and I am admitted to practice before the courts of this State and this Court. I make this declaration in support of plaintiff's motion pursuant to New York CPLR §6211(b) to confirm the *Ex Parte* Order of Attachment issued by this Court on October 14, 2008 (the "Order of Attachment").

      2.      Because this motion to confirm the *Ex Parte* Order of Attachment is required by CPLR §6211 and also by the *Ex Parte* Order of Attachment itself, counsel for plaintiff believes that the requirements of Rule 2(B) of this Court's Individual Practices does not apply to the instant motion. The declarant did speak with counsel for defendant, Lauren Davies of the Law Offices of Thomas Tisdale LLP, on Thursday, October 16, 2008. At least at that time, Ms. Davies advised that she had not been instructed to take any action on defendant's behalf in connection with the *Ex Parte* Order of Attachment.

{NY079361.2}

3.      On October 14, 2008, this Court signed an *Ex Parte* Order of Attachment pursuant to which plaintiff seeks to secure approximately $24,000,000 in property of defendant Industrial Carriers Inc. A copy of the *Ex Parte* Order of Attachment is attached as Exhibit A. Copies of the *Ex Parte* Order of Attachment were served on garnishees on October 14 and 15, 2008. Copies of the Certificates of Service signed by Kenneth McGinis and Eleanor Kleiner, two employees of this firm appointed by the October 14, 2008 Order appointing special process server pursuant to Rule 4(c) are attached as Exhibit B. As required by the *Ex Parte* Order of Attachment and CPLR §6212, plaintiff deposited with the Clerk of the Court a check in the amount of $500 to serve as undertaking. A copy of the receipt issued by the Clerk is attached as Exhibit C.

4.      The facts supporting this motion are set forth in this declaration and the Declaration of Patrick Toohey dated October 20, 2008 submitted herewith and the papers previously submitted in support of plaintiff's Motion for the *Ex Parte* Order of Attachment including the Verified Complaint.

5.      On October 10, 2008, plaintiff filed with this Court a Verified Complaint which set forth its cause of action against the defendant. On or about December 3, 2007, plaintiff and defendant entered into a contract of time charter party (the "Charter"). A copy of the Charter is attached as Exhibit 1 to the Verified Complaint. Pursuant to the Charter, plaintiff agreed to let and defendant agreed to hire the motor vessel SACHEM for a period of 33 to 36 months, 15 days more or less in defendant's option and defendant agreed to pay for the use of the vessel at the hire rate of: $56,250 daily for the first 12 months; $46,250 daily for the next 12 months; and $34,250 daily for 12 months thereafter. Payment of hire was required to be made by the defendant as charterer every

{NY079361.2}                                      2

15 days in advance. Clause 41 of the Charter provided that in the event that defendant as charterer failed to make punctual payment it would have three (3) banking days to rectify its failure.

6. By invoice dated September 24, 2008, plaintiff invoiced defendant for hire from $823,406.25 for hire from September 29, 2008 until October 14, 2008. Defendant failed to pay this hire.

7. Although plaintiff and defendant had agreed to meet to discuss defendant's breach on October 6, 2008, defendant advised plaintiff's broker on October 3rd that it was canceling the meeting. At that time defendant also advised plaintiff's broker that it would not make the past due hire payment and could not give any indication when or if it would be able to make this payment or pay hire in the future.

8. On October 3, 2008, given defendant's default and its indication to plaintiff's broker that it was unwilling or unable to pay hire under the Charter, plaintiff advised defendant that it was in repudiatory breach of the Charter. Plaintiff further advised defendant that unless payment was received by close of business on October 8, 2008, plaintiff would accept defendant's breach as repudiatory, withdraw the vessel from defendant's service and claim damages.

9. On October 8, having received no response or payment from defendant, plaintiff advised defendant that it had no option but to accept defendant's repudiatory breach of the Charter and withdraw the vessel from defendant's service effective immediately. Plaintiff claims damages represented by the difference in the Charter's hire rate and the current market rate of $16,000 per day for the remainder of the term of the Charter, plus interest and costs. Plaintiff claims damages for charterer's default in the

total amount of $23,945,032, exclusive of interest and costs. The Toohey Declaration explains plaintiff's calculation of its claim for damages.

10. Under Clause 17 of the Charter, all disputes between plaintiff and defendant are required to be submitted to arbitration in London. The arbitration agreement in the Charter is subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 USC §§201, *et seq* (the "Convention").

11. Plaintiff has demanded that defendant arbitrate plaintiff's claim for repudiation of the Charter in London and has appointed Nicholas Wilson of Bentleys Stokes & Lowless to act as solicitors in connection with the arbitration. Mr. Wilson has appointed Graham Clark to act as arbitrator. A letter from Mr. Clark to Mr. Wilson accepting the appointment is attached as Exhibit D. Therefore, plaintiff has already complied with CPLR §7502(c) in that it has already commenced the arbitration proceeding.

12. As shown by the affidavits of service attached as Exhibit B hereto, plaintiff has served the Summons and Verified Complaint and all papers supporting the *Ex Parte* Order of Attachment on defendant by serving CT Corporation Systems which has been appointed by defendant to act as agent for service of process in this state. Therefore, plaintiff has already complied with CPLR §6213.

13. The *Ex Parte* Order of Attachment required each of the garnishees to serve a garnishee's statement pursuant to CPLR §6219 within five (5) days after service. To date, we have received information from only one garnishee: Citibank. Citibank notified declarant on Thursday, October 16, 2008, that it was holding funds in the amount of $143,927.97 pursuant to the matter *Industrial Carriers, Inc. v. Jong He Shipping (HK)*

*Ltd., et al,* 07 CV 9706. A copy of email from Mary B. Mihalik of Citibank dated October 16, 2008 as annexed hereto as Exhibit E. These funds were secured by defendant in this action pursuant to a writ of maritime attachment and garnishment issued in favor of defendant under Supplemental Rule B of the Rules of Civil Procedure for Admiraly and Maritime Claims. A review of defendant's Second Amended Complaint in *Jong He* reveals that defendant seeks to recover $3,469,173.59 for breach of a charter party from the *Jong He* defendants in that action. Defendant obtained security and the action has been stayed pending London arbitration. A copy of the Order staying the matter pending arbitration was attached as Exhibit F. It is expected that the attachment may reach other funds being held for the benefit of defendants in *Yong He* and other actions in which defendants utilized Rule B attachment procedure.

14. In papers in support of the attachment, plaintiff outlined the financial difficulties which defendant had been experiencing and which support the fact that unless plaintiff is able to secure provisional relief, *viz.,* this Order of Attachment, any arbitration award which may be issued in favor of defendant in London arbitration may be rendered ineffectual. It now appears without question that defendant may be unable to satisfy any award. In fact, Greek counsel, with whom the counsel has communicated, reports that the amount of defendant's estate in Greece likely will be but a small fraction of the claims lodged against it.

15. Several of the recent reports from trade publications relating to defendant's financial position are attached as Exhibit G.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on October 20, 2008.

                                                       Mary T. Reilly