UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SACHEM SHIPPING LTD.
                Plaintiffs,

Case No. 08 Civ 8698 (LTS)

- against -

**DECLARATION OF**
INDUSTRIAL CARRIERS INC.,
**PATRICK TOOHEY**

                Defendants.
-------------------------------------------------------x

I, PATRICK TOOHEY, declare as follows:

1. I am President for Product Transport Inc. ("Protrans"). I submit this Declaration in support of the motion of Sachem Shipping Ltd. ("Sachem") to confirm the *ex parte* order of attachment signed by the Court on October 14, 2008 against Industrial Carriers Inc. ("ICI").

2. Specifically, I submit this declaration (a) to explain Sachem's calculation of the amount of its claim for ICI's breach of the New York Produce Exchange time charter party dated December 3, 2007 (the "Charter") under which Sachem chartered its vessel SACHEM to ICI and (b) to briefly describe the business of ICI and outline its current financial problems.

**Calculation of Sachem's Claim**

3. Protrans acted as Sachem's agent in connection with the Charter and handled operations of the Vessel during the Charter. As part of our duties, we computed hire payments due to Sachem from ICI under the Charter and sent invoices to Sachem. Our business also requires us to monitor the charter market and freight and charter rates being fixed for different types of charter parties

4. Attached hereto as Exhibit 2 is a calculation which I made of Sachem's claim in the amount of $23,945,032. The basis of Sachem's claim is the difference between the charter

hire under the Charter and the current market rate for a time charter of the remaining duration of the Charter.

5. The Charter commenced on May 2, 2008 at 1900 hours. We have considered the Vessel to be back in Sachem's service after ICI's breach on October 8, 2008. Therefore, we have computed lost hire for the first year of the Charter from October 8, 2008 to May 2, 2009; for the second year from May 2, 2009 until May 2, 2010; and for the third year from May 2, 2010 to May 2, 2011.

6. We have calculated net daily hire by taking the gross hire payable under the Charter for each year of the three year term and deducting 5% from that amount, which represents payment of commission. We have determined, based upon our inquiries in the market for time charters of the same duration as the remaining term under the Charter that the market rate for net daily hire for the vessel currently is around $16,000. We have deducted this daily market rate from the net daily hire under the Charter for each year. As shown in the attached calculation, this remaining amount, times the number of days for each year, represents the claim for each year. For the first year, the claim is $7,712,022; for the second year, the claim is $10,197,005; for the third year, the claim is $ 6,036,032; and the total claim is $ 23,945,032..

7. Sachem's expenses as ship owner under a substitute charter would not be expected to be different than expenses under the Charter. Under a time charter, the owner would be providing the crew and maintaining the vessel. These costs are relatively fixed.

8. To date, the only possible claim which ICI might assert as a counterclaim in London arbitration is a claim for refund of a relatively small amount of hire which ICI claims it is due from what it says is the vessel's failure to perform at a certain speed during one or two voyages. We dispute this claim which we do not believe that ICI will be able to prove. While I



2

am not certain of the amount which ICI believed was due to it. I believe that it was for approximately $150,000. At this point in time, the reconciliation, i.e. the accounting between the parties for the Charter, up to the time of ICI's repudiatory breach on October 8, 2008 has not been finalized. Therefore, it is possible that there may be some balance in favor of ICI at least up to the time when ICI repudiated the Charter and for which ICI might claim an offset against Sachem's claim. If so, it would be for a very small amount. Given these facts, I am quite sure that that Sachem's claim by far exceeds, by the tens of millions of dollars, any counterclaim which ICI might make in the London arbitration.

**ICI's Financial Situation**

9. The financial troubles experienced by ICI have been well known in the marketplace. I am aware that ICI is a Marshall Islands entity and has advertised that it has offices in Odessa, Athens and Shanghai, among other places. It is my understanding that ICI does not own any vessels but is only a charterer. For a number of years, it chartered bulk carriers such as the vessel SACHEM. During 2007, it began trading in the tanker market as well. It is my understanding that ICI often subchapters its chartered vessels not on a time charter basis but for the short term carriage of cargo on a single voyage basis.

10. The market for vessels which carry bulk cargo had been quite favorable but recently rates for time and voyage charters have declined. With the market turndown, ICI has been unable to generate sufficient income to pay for its time charters. I also understand that ICI entered into freight futures contract, and has sustained losses on these trades when the market declined.



11. In early October, ICI advised our brokers that it was unable to pay hire and that it did not know when, if ever, it would be able to pay hire under the Charter. It arranged to meet with us to discuss the Charter but then abruptly canceled the meeting.

12. Reports of ICI's financial troubles and its inability to meet its debts have circulated among people in the industry and in trade publications for a number of weeks. Reports in the trade publications state that contract partners of ICI have frozen most of ICI's assets including key Greek bank accounts.

13. It is reported in trade publications such as Lloyds List and Trade Winds that ICI has filed for bankruptcy in Greece. On Thursday, October 16, 2008, we received from our chartering broker an undated notice of ICI's bankruptcy filing in Greece. A copy of this notice is attached as Exhibit 2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Singapore on October 21, 2008.

_____
Patrick Toohey